Richard GORMAN, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 27471.

United States Court of Appeals,
Fifth Circuit.

Dec. 2, 1970.

Richard Gorman, pro se.

Michael F. Dawes (Ct. Apptd.), Mahoney, Hadlow, Chambers & Adams, Jacksonville, Fla., for appellant.

Allan P. Clark, John D. Roberts, Asst. U. S. Attys., John L. Briggs, U. S. Atty., Middle District of Florida, Jacksonville, Fla., for appellee.

Before TUTTLE, DYER and SIMPSON, Circuit Judges.

PER CURIAM:

Gorman appeals from the denial, without an evidentiary hearing, of his motion under Title 28, U.S.C.A., Section 2255, to vacate his judgment of conviction and sentence, which was based on the allegation that, when he entered a plea of guilty and was sentenced to a four year term, he was mentally incompetent.

We find that the record, including the parts of the pre-sentence report referred to by the trial court at the time of sentencing, was sufficient to make it improper for the trial court to deny the motion without a hearing.

The judgment is reversed and the case is remanded for a hearing on the issue of appellant's competency at the time of trial and sentencing.

NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

MIDWAY CLOVER FARM MARKET, INC., Respondent.

No. 20330.

United States Court of Appeals,
Sixth Circuit.

Dec. 8, 1970.

Arthur L. Fox, II, N. L. R. B., Washington, D. C., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, John D. Burgoyne, Attys, N. L. R. B., Washington, D. C., on the brief, for petitioner.

Robert D. Randolph, Pittsburgh, Pa., for respondent.

Before PHILLIPS, Chief Judge, McCREE, Circuit Judge, and O'SULLIVAN, Senior Circuit Judge.

ORDER

This case is before the court upon the application of the National Labor Relations Board to enforce its order reported at 175 N.L.R.B. No. 151. Reference is made to the decision and order of the Board for a recitation of the facts.

This court holds that the part of the order requiring reinstatement of Stewart Prindle with backpay is not supported by substantial evidence on the record when considered as a whole, for the reasons stated in the opinion of the trial examiner and the dissenting opinion of Chairman McCulloch.

It is ordered that enforcement is denied as to that part of the Board's order requiring the reinstatement of Stewart Prindle with backpay. It is further ordered that in all other respects enforcement is granted.

Judge McCree would enforce the order of the Board in its entirety.